**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Bobby A. Ervin,<br><br>    Plaintiff,<br><br>vs.<br><br>Lisa Michelle Estopare,<br><br>    Defendant. | No. CV 09-8024-PCT-NVW<br><br>**ORDER** |

    Plaintiff Bobby M. Ervin moves the Court to dismiss his complaint against Defendant Lisa M. Estopare without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Mr. Ervin's Complaint (doc. # 1) is dismissed without prejudice. The parties' discovery dispute (doc. ## 61, 62) is therefore moot.

    Fed. R. Civ. P. 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The district court must determine: (1) whether the dismissal should be allowed at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, are appropriate. *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766, 767 (9th Cir. 1995).

In the absence of "plain legal prejudice" to the defendant, courts generally allow dismissal. *Id.* Legal prejudice is prejudice to some legal interest, claim, or argument. *Westlands Water Dist. v. United States*, 100 F.3d 94 (9th Cir 1996). Plain legal prejudice does not result because the dismissal may cause defendant to incur substantial expense in preparing for trial. *Burnette*, 828 F. Supp. at 1443 (citing *Durnham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)). "The court may dismiss the claim even when the plaintiff would gain a tactical advantage thereby." *Id.* (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)).

The district court has discretion to dismiss with or without prejudice. *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). The factors considered in determining whether dismissal should be with or without prejudice are the same as those considered in deciding whether to allow dismissal at all: (1) the defendant's effort and expense in preparing for trial; (2) the plaintiff's lack of diligence in prosecuting the action; and (3) the sufficiency of plaintiff's explanation for seeking the dismissal. *See Burnette*, 828 F. Supp. at 1443-44 (citing *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)).

Costs may be awarded as a condition to a dismissal without prejudice, but are not mandatory. *See Westlands*, 100 F.3d at 97-98. In deciding whether to award costs and attorneys fees, courts consider: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss. *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal 2005).

In this case, Ms. Estopare will not suffer legal prejudice if Mr. Ervin's complaint is dismissed. Ms. Estopare has not counterclaimed or requested affirmative relief, and no dispositive motions have been filed by the parties. None of her defenses are compromised by dismissal. Furthermore, Mr. Ervin does not appear to be unjustifiably delaying the prosecution of the case. He seeks dismissal on the ground that he is suffering from various

life-threatening illnesses and is therefore unable to proceed with his action. Thus, Mr. Ervin's complaint is dismissed without prejudice.

It also appears that Ms. Estopare has incurred few, if any, expenses in defending this action. She is not represented by an attorney, and the case is still in the early stages of the discovery phase. In fact, Ms. Estopare has not even requested costs. Therefore, the Court will not award Ms. Estopare costs. No other conditions for dismissal are warranted.

IT IS THEREFORE ORDERED that Mr. Ervin's Complaint (doc. # 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that Mr. Ervin's Notice of Dispute (doc. # 61) and Ms. Estopare's Notice of Discovery Dispute (doc. # 62) are denied as moot. The clerk shall terminate this action.

DATED October 26, 2009

_____
Neil V. Wake
United States District Judge